IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICKY CHOJNACKI,

                Plaintiff,

v.

KILOLO KIJAKAZI, Acting Commissioner of
Social Security,

                Defendant.

OPINION AND ORDER

19-cv-432-wmc

---

On April 16, 2020, the court issued an order remanding this case to the Commissioner of Social Security for further proceedings under sentence four of 42 U.S.C. § 405(g) and entered judgment. (Remand Order (dkt. #19); J. (dkt. #20).) Before the court are: (1) plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (the "EAJA"), in the amount of $7,801.22; and (2) plaintiff's motion for additional fees under the EAJA for $797.41.[1] (Mot. Atty's Fees (dkt. #21) 1; Suppl. Mot. Atty's Fees (dkt. #28) 1.) However, the government is in the somewhat unusual position of opposing an award of fees, arguing that the government's position was "substantially justified." (Dkt. #26.) For the reasons addressed below, the court agrees, and plaintiff's fee award will be denied.

OPINION

Under the EAJA, there is no presumption that a party who prevails against the Commissioner will recover attorney's fees. *United States v. Hallmark Const. Co.*, 200 F.3d

---

[1] The supplemental motion is based on the work counsel performed in drafting the reply brief. (*See* Suppl. Mot. Atty's Fees (dkt. #28) 2.) The court sees no reason (nor does either party ask the court) to treat these two motions differently.

1076 (7th Cir. 2000) (citations omitted). To be eligible, the party must have been the prevailing party "whose net worth did not exceed $2,000,000 at the time the civil action was filed," and there must be no "special circumstances mak[ing] an award unjust." 28 U.S.C. §§ 2412(d)(1)(A), 2412(d)(2)(B)(i). The EAJA further states that

> a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). In seeking fees, therefore, the prevailing party must: (1) show eligibility for fees; (2) detail the attorney's hours and the rate(s) at which fees were calculated; and (3) "allege that the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(B).

Still, the Commissioner bears the burden of proving that its position satisfies the substantially justified standard. *Hallmart*, 200 F.3d at 1079. However, the Commissioner's position need not be correct to be substantially justified; nor does it need to be justified to a "high degree." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992). At the same time, the Commissioner's position must be stronger than merely non-frivolous; it must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988). Ultimately, the standard of substantially justified is satisfied if there is a "genuine dispute" or "if reasonable people could differ as to the appropriateness of the contested action." *Stein*, 966 F.2d at 320. Thus, there is a category of cases in which "[the Commissioner] could take a position that is substantially justified,

2

yet lose." *Pierce*, 487 U.S. at 569.

EAJA fees may be awarded if either the Commissioner's pre-litigation conduct or its litigation position was not substantially justified, and the ALJ's decision constitutes part of the agency's pre-litigation conduct. *Cunningham v. Barnhart*, 440 F.3d 862, 863-64 (7th Cir. 2006). However, because a district court is to make only one determination for the entire civil action,

> fees may be awarded in cases where the Commissioner's prelitigation conduct was not substantially justified even though its litigating position may have been substantially justified and vice versa. In other words, the fact that the Commissioner's litigating position was substantially justified does not necessarily offset prelitigation conduct that was without a reasonable basis.

*Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994).

The Seventh Circuit has set forth a three-part standard for reviewing the Commissioner's position. The Commissioner must show that its position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004) (citing *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000)).

While this "analysis is not susceptible to a firm rule or even a 'useful generalization,'" *Bassett*, 641 F.3d at 859 (quoting *Pierce*, 487 U.S. at 562), "it typically takes something more egregious than a run-of-the-mill error in articulation to make the commissioner's position unjustified." *Id*. at 860 (citing *Golembiewski*, 382 F.3d at 724). Simple gaps in the ALJ's analytical reasoning, even if defended by the commissioner, "is

3

likely to be grounded in a reasonable, albeit erroneous, interpretation of the facts and law." *Id*. at 859-60 (citing *Cunningham*, 440 F.3d at 864-65). On the other hand, an ALJ's failure to follow the Commissioner's rules and regulations or an ALJ's disregard or mischaracterization of evidence can establish that the government's position was not substantially justified. *See Golembiewski*, 382 F.3d at 724-25.

Here, this court ordered a remand because the ALJ had not built an adequate bridge between her Step 3 conclusion that plaintiff had moderate limitations in concentration, persistence, and pace ("CPP"), and her determination that plaintiff retained the RFC for simple, routine work requiring only simple, work-related decisions. (Remand Order (dkt. #19) 8-10.) However, this was a close case, in which the government was substantially justified in arguing to the contrary. As the government pointed out during briefing, and as this court noted in its decision, the Seventh Circuit has not held that an RFC phrased in such terms can never appropriately accommodate a moderate CPP limitation. (*Id.* at 7 (noting the Seventh Circuit has "eschewed a 'magic words requirement' for expressing a claimant's CPP limitations in the RFC and corresponding hypothetical" (quoting *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019)).[2]

Furthermore, apart from plaintiff's own testimony that he did not always finish what he started and that he had difficulty paying attention, plaintiff identified little, additional evidence in the record that would have supported a more restrictive RFC than formulated by the ALJ. In fact, the Commissioner argued, the following evidence in the

---

[2] Indeed, the court has more recently remarked that "a 'moderate' limitation in performing at a consistent pace seems consistent with the ability to perform simple, repetitive tasks at a consistent pace." *Pavlicek v. Saul*, No. 20-1809, 2021 WL 1291614, at *4 (7th Cir. Apr. 7, 2021).

4

record -- and mentioned in the ALJ's decision -- suggested that plaintiff had only *mild* CPP limitations: (1) the findings by the state agency psychologists that plaintiff's mental limitations were only mild; (2) clinical notes showing that during mental health evaluations, plaintiff's attention and concentration were functionally intact with no more than average distractibility; and (3) plaintiff's report of significant improvement in his ADHD symptoms with medication. Thus, the court *agreed* that "this objective medical evidence would support a finding of mild mental limitations," but found remand nevertheless required because "[w]hile the record arguably supported a finding of lesser CPP limitations, the ALJ concluded that they were moderate, thus triggering her obligation to account for those limitations in the RFC." (*Id*. at 9.) Since this court could discern "no such accounting" from the ALJ's decision, it held remand was necessary "for further explanation or a new RFC assessment that accounts for all of plaintiff's mental limitations." (*Id*. at 10.) While plaintiff understandably sees it otherwise, therefore, remand in this case resulted from "a run-of-the-mill error in articulation." *Bassett*, 641 F.3d at 860.

Finally, the government reasonably defended the ALJ's decision given: (1) the support in the record for the ALJ's ultimate RFC assessment; (2) the plaintiff's failure to point to significant evidence supporting more severe limitations; (3) the existence of arguably faint clues in the decision demarking the ALJ's thought process; and (4) the case-specific nature of the reasonable articulation standard, particularly as applied to mental limitations. For all these reasons, the court finds the government's position was substantially justified, though unsuccessful. Accordingly, the court must deny plaintiff's requests for an award of attorney fees under the EAJA.

ORDER

IT IS ORDERED that plaintiff's requests for fees and costs under the Equal Access to Justice Act (dkt. ##21, 28) are DENIED.

Entered this 9th day of February, 2022.

BY THE COURT:

/s/

_____

WILLIAM M. CONLEY
District Judge